**Aman RAHMAN; Mita Rahman, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75393.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., Law Offices of Judith L. Wood Human Rights Project, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the Dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

trict Counsel Department of Homeland Security, San Francisco, CA, Bridget Rowan, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Aman Rahman and Mita Rahman, husband and wife, and natives and citizens of Bangladesh, petition for review of a Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence and review questions of law de novo. *Abebe v. Gonzales,* 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc). We grant the petition for review, and remand for further proceedings.

■ Substantial evidence does not support the BIA's determination that Aman Rahman failed to provide sufficiently detailed evidence to establish past persecution on account of a protected ground. The BIA acknowledged that some of the incidents about which Rahman testified were on account of a protected ground, and he testified that he was arrested, detained and beaten several times. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004) ("Testimony must be accepted as true in the absence of an explicit adverse credibility finding."). For example, he tes-

tified that in 1975 he was held for 27 days, beaten several times with a stick, and interrogated about his previous protests against the government. He testified that in 1996 he was held for two months, beaten severely with a gun and baton, and warned not to work against the government. He also testified that in 1996 he was interrogated in a government office and threatened with death if he continued his political activities. *See Chand v. INS,* 222 F.3d 1066, 1073–74 (9th Cir.2000) (holding that where an applicant's testimony is sufficiently detailed and "an applicant suffers [physical] harm on more than one occasion ... over a period of years, the harm is severe enough that no reasonable factfinder could conclude that it did not rise to the level of persecution.").

■ Because the evidence compels the conclusion that Aman Rahman established past persecution on account of his political opinion, he is entitled to presumptions of a well-founded fear of future persecution and of eligibility for withholding of removal, and the government bears the burden of rebutting. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). We remand for the agency to give Aman Rahman the benefit of these presumptions and to redetermine his eligibility for asylum and withholding of removal. *See Osorio v. INS,* 99 F.3d 928, 932–33 (9th Cir.1996). We also remand for the agency to redetermine Mita Rahman's eligibility for asylum as a derivative beneficiary of her husband's application.

Because the BIA did not separately address the requirements for protection under the CAT, we remand for the agency to redetermine Aman Rahman's eligibility for protection under the CAT. *See Kamal-*

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

*thas v. INS*, 251 F.3d 1279, 1282–84 (9th Cir.2001).

In light of this disposition, we do not reach the remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.